IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Eduardo Garcia, | ) |
| Plaintiff, | ) |
| | ) C/A No. 9:18-cv-01590-TMC |
| v. | ) |
| | ) **ORDER** |
| Colleton County Jail, | ) |
| Defendant. | ) |

Plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code Section 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 6, 2018, the magistrate judge issued a Proper Form Order that alerted Plaintiff that he had twenty-one days to pay his filing fee or return the Application to Proceed Without Prepayment of Fees and Affidavit. (ECF No. 6 at 1). In that same order, the magistrate judge instructed Plaintiff to provide necessary information and paperwork to bring the case into proper form for evaluation and service. *Id.* at 1–4. The magistrate judge specifically warned Plaintiff that failure to bring the case into proper form and pay the filing fee could result in dismissal of his case. *Id.* at 1.

Also on August 6, 2018, the magistrate judge issued an order that alerted Plaintiff of various insufficiencies in his Complaint (ECF No. 1), and the order gave Plaintiff twenty-one days to file an amended complaint to cure the insufficiencies identified therein. (ECF No. 7). The magistrate judge specifically warned Plaintiff that failure to cure the insufficiencies would result in a recommendation of dismissal. *Id.* at 8. Plaintiff did not file an amended complaint. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this case be dismissed without prejudice and without issuance and service of process., or, in the

1

alternative, that this case be dismissed for failure to prosecute. (ECF No. 12 at 9). Plaintiff was advised of his right to file objections to the Report. (ECF No. 12 at 10). However, Plaintiff did not file any objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 12) in part, to the extent that it is consistent with this order and incorporates it herein by reference. The court finds that Plaintiff's case is subject to dismissal under Federal Rule of Civil Procedure 41(b) because Plaintiff has demonstrated a failure to prosecute his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). Furthermore, the court finds that sanctions less drastic than dismissal would not be

appropriate in this case.[1] Accordingly, this case is **DISMISSED *with* prejudice and without issuance and service of process** due to Plaintiff's failure to prosecute this case.[2]

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 20, 2018

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As noted above, Plaintiff was specifically warned that failure to bring the case into proper form and pay his filing fee or apply to proceed without prepayment could result in dismissal of his case. (ECF No. 6). Despite this warning, Plaintiff did not comply. Furthermore, in addition to not bringing the case into proper form, Plaintiff was given the opportunity to amend his Complaint to cure various deficiencies and was told that failure to do so would result in the magistrate judge recommending dismissal of the case. (ECF No. 7). However, even after this warning, Plaintiff did not file an amended complaint or cure the numerous deficiencies. Accordingly, the court finds that Plaintiff's noncompliance with the order found at docket entry 7 further demonstrates Plaintiff's failure to prosecute this action.

[2] The court determines that dismissal *with* prejudice is appropriate because Plaintiff has ignored numerous court orders. Plaintiff was specifically warned about the consequences of not complying with the court's orders, and, yet, Plaintiff did not comply.